J-S19007-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
IAN CHRISTOPHER BRENNER :
:
Appellant : No. 1254 MDA 2023

Appeal from the PCRA Order Entered August 23, 2023
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0002170-2006

BEFORE:   DUBOW, J., BECK, J., and COLINS, J.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED: JULY 9, 2024**

Appellant, Ian Christopher Brenner, appeals *pro se* from the August 23, 2023 order entered in the York County Court of Common Pleas dismissing his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46, as untimely.  After careful review, we affirm.

The relevant facts and procedural history are as follows.  On September 14, 2006, a jury convicted Appellant of First-Degree Murder, Attempted Murder, Aggravated Assault—Serious Bodily Injury, and Aggravated Assault—Bodily Injury with a Deadly Weapon based upon, among many other things, the testimony of Charles Maner.[1]  The trial court sentenced Appellant to a

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Maner testified that Appellant discussed the shooting with him while they were housed together in the York County Prison.  N.T. Trial, 9/12/06, at 209-212.

term of life imprisonment without the possibility of parole plus a consecutive term of five to ten years of incarceration. On direct appeal, we affirmed Appellant's judgment of sentence, and our Supreme Court denied his petition for allowance of appeal. *Commonwealth v. Brenner*, 998 A.2d 998 (Pa. Super. 2010) (unpublished memorandum), *appeal denied*, 13 A.3d 474 (Pa. 2010).

Appellant filed a timely, counseled PCRA petition, which the PCRA court denied. On appeal, Appellant asserted, *inter alia*, that his trial counsel had been ineffective, and that the Commonwealth had committed a *Brady*[2] violation by failing to disclose alleged consideration afforded to Charles Maner in exchange for his testimony against Appellant. This Court reversed the PCRA court's order, vacated Appellant's convictions, and remanded for a new trial after finding that trial counsel was ineffective when he failed to discuss the possibility of calling character witnesses with Appellant pre-trial. *Commonwealth v. Brenner*, 81 A.3d 1010 (Pa. Super. 2013) (unpublished memorandum). Due to the resolution of this issue, the Court did not reach the *Brady* issue or Appellant's other remaining issues. Appellant filed a petition for allowance of appeal, which our Supreme Court denied. *Commonwealth v. Brenner*, 80 A.3d 774 (Pa. 2013).

Following remand to the trial court and a second jury trial, a jury again convicted Appellant of First-Degree Murder, Attempted Murder, Aggravated

---

[2] *Brady v. Maryland*, 373 U.S. 83 (1963).

Assault—Serious Bodily Injury, and Aggravated Assault—Bodily Injury with a Deadly Weapon. Notably, Charles Maner did not testify at Appellant's second trial. On September 17, 2017, the trial court again sentenced Appellant to a term of life imprisonment without the possibility of parole plus a consecutive term of five to ten years of incarceration. This Court affirmed Appellant's judgment of sentence and our Supreme Court denied his petition for allowance of appeal. *Commonwealth v. Brenner*, 156 A.3d 347 (Pa. Super. 2016) (unpublished memorandum), *appeal denied*, 165 A.3d 897 (Pa. 2017).

On April 20, 2018, Appellant filed a timely, counseled PCRA petition, which the PCRA court denied as meritless. On appeal to this Court, Appellant raised numerous allegations of ineffective assistance of PCRA and re-trial counsel, Joseph Sembrot, Esquire, including that Attorney Sembrot was ineffective for failing to file a pre-trial motion to bar Appellant's re-trial based on double jeopardy due to alleged prosecutorial misconduct related to failing to disclose an alleged agreement with witness Charles Maner. In analyzing this issue, we agreed with the PCRA court that this issue lacked merit because there was no evidence that the Commonwealth engaged in prosecutorial misconduct by failing to disclose an alleged agreement between the prosecutor and Maner that if Maner testified against Appellant, he would not be sentenced on two pending felony drug cases, because no such agreement existed. *Commonwealth v. Brenner*, 610 MDA 2020, non-precedential decision at 24 (Pa. Super. filed May 18, 2021). We also opined that, to the extent that any agreement did exist, it preceded the commission of Appellant's

crimes and arose from Maner's activity as a confidential informant in an unrelated case. *Id*. Ultimately, we affirmed the PCRA court's order dismissing Appellant's first petition as meritless.

On January 30, 2023, Appellant *pro se* filed the instant petition. In his petition, Appellant raised numerous claims arising from the allegation that the Commonwealth failed to disclose that it had a cooperation agreement with Charles Maner. In an effort to overcome the PCRA's one-year jurisdictional time-bar, Appellant invoked the governmental interference and the newly-discovered facts exceptions set forth at 42 Pa.C.S. §§ 9545(b)(1)(i) and (ii). Appellant asserted that he discovered on April 24, 2022, the "new fact" of an "Arrest Inquiry" from the Hillsborough County Florida Sheriff's Office showing that "the 'Fugitive' charge that was contained in [Charles] Maner's [c]riminal [h]istory [r]ecord for his arrest [] in Hillsborough County on [June 24, 2006], was actually connected to a forgery charge in Pennsylvania." Brief in Support of PCRA Petition, 1/30/23, at 19 (unnecessary capitalization omitted). Appellant averred that "this newly[-]discovered fact alerted [him] that Charles Maner had a Fugitive Warrant, which was "connected to a forgery charge in Pennsylvania." *Id.* Appellant asserted that this "newly-discovered" fact is evidence of an agreement between Maner and the Commonwealth, and that the Commonwealth withheld the existence of this agreement from Appellant in violation of *Brady*.

Appellant baldly claimed that he exercised reasonable due diligence to discover this evidence in the past and that he has not previously litigated these

claims because this claim is only "slightly similar" to the issue he raised in prior PCRA petitions and that the Pennsylvania Supreme Court did not rule on it.

On April 3, 2023, the PCRA court issued a notice of its intent to dismiss Appellant's PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907, explaining that it found Appellant's claims untimely and without merit. On April 17, 2023, Appellant filed a response to the Rule 907 notice reiterating his assertion that he had satisfied the "newly-discovered" facts exception to the PCRA's time-bar. On April 24, 2023, he filed a "Supplemental Brief in Support of PCRA Petition," in which he detailed the documents in his possession that he alleged supported his *Brady* claim.[3]

On August 23, 2023, the PCRA court dismissed Appellant's petition. In its opinion, the court explained that Appellant failed to prove the applicability of the "newly-discovered" facts exception to the PCRA's time bar because the "facts" Appellant claimed he had newly-discovered formed the basis of the *Brady* claim that he had previously raised and that this Court had found meritless in 2021. Moreover, the court opined that, even if the facts were previously unknown to Appellant, he did not explain why he could not have ascertained them by the exercise of due diligence at an earlier time. Accordingly, the PCRA court concluded that the "alleged 'new' *Brady*

_____

[3] These documents were Mr. Maner's two Florida criminal docket sheets, the Hillsborough County Sheriff's Office Arrest Inquiry, and the admittance and release dates of Mr. Maner from the York County jail in 2006.

evidence" did not meet the "newly-discovered" facts exception to the PCRA's time-bar.[4] PCRA Ct. Op. 8/23/23, at 12. The court also found that Appellant did not provide any evidence to support his allegation of governmental interference, and, thus, Appellant failed to prove the applicability of any exception to the time-bar.

This timely *pro se* appeal followed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises the following six issues on appeal:

A. Did the PCRA [c]ourt err in failing to properly apply the exception outlined in 42 Pa.C.S. § 9545(b)(1)(ii)?

B. Did the PCRA [c]ourt err when riling that Appellant did not support his claim of [g]overnmental [i]nterference?

C. Did the PCRA [c]ourt err in not providing Appellant with an evidentiary hearing in line with Pennsylvania Rule [of Criminal Procedure] 908?

D. Did the Commonwealth violate Appellant's 14th Amendment Due Process rights under **Brady**?

E. Did the PCRA [c]ourt err when ruling that [] Appellant's current issues were previously litigated, and also failing to state in its Rule 907 [p]re-dismissal notice that the court also intended to dismiss because of the issues being previously litigated?

F. Did the PCRA [c]ourt err in finding that because Charles Maner didn't testify at Appellant's re-trial that Appellant didn't suffer prejudice and thus his claim ultimately fails?

Appellant's Brief at 9-10 (reordered for ease of disposition).

_____

[4] The court also found that Appellant had previously litigated his **Brady** claim when this Court, in 2021, held that Appellant failed to prove an agreement between the Commonwealth and Mr. Maner. PCRA. Ct. Op. at 11-12.

**A.**

We review the denial of a PCRA petition to determine whether the record supports the PCRA court's determination and whether its order is otherwise free of legal error. ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa. 2014). However, before we review the issues raised on appeal, we must determine whether Appellant's petition satisfies our courts' jurisdictional requirements.

It is well-established that the timeliness of a PCRA petition is jurisdictional; if a PCRA petition is untimely, courts lack jurisdiction over the claims and cannot grant relief. ***Commonwealth v. Wharton***, 886 A.2d 1120, 1124 (Pa. 2005). To be timely, a PCRA petition, including a second or subsequent petition, must be filed within one year of the date that a petitioner's judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Here, Appellant's petition, filed nearly six years after his judgment of sentence became final, is facially untimely. Pennsylvania courts may consider an untimely PCRA petition, however, if the petitioner pleads and proves one of the three exceptions to the time-bar set forth in Section 9545(b)(1). Any petition invoking a timeliness exception must be "filed within one year of the date the claim could have been presented." 42 Pa.C.S § 9545(b)(2).

**B.**

In his PCRA petition, Appellant attempted to invoke the "newly-discovered" facts exception provided in Section 9545(b)(1)(ii). The "newly-discovered" facts exception requires a petitioner to plead and prove two elements: "1) the facts upon which the claim was predicated were unknown and 2) could not have been ascertained by the exercise of due diligence." *Commonwealth v. Bennett*, 930 A.2d 1264, 1272 (Pa. 2007) (quoting 42 Pa.C.S. § 9545(b)(1)(ii)) (emphasis and internal quotation marks omitted). Due diligence requires that a petitioner makes reasonable efforts to uncover facts that may support a claim for relief. *Commonwealth v. Brensinger*, 218 A.3d 440, 449 (Pa. Super. 2019) (*en banc*) (citation omitted).[5]

The trial court opined that it found Appellant's invocation of the "newly-discovered" facts exception unavailing both because the facts upon which Appellant based his claim, *i.e.*, documentation reflecting that Mr. Maner had a prior criminal history in Florida, were previously known to him and because Appellant did not explain why, in the approximately 18 years since this case originated in 2006, he could not obtain Mr. Maner's public criminal history report with the exercise of due diligence. PCRA Ct. Op., 10/26/23, at 3-5, 9-10.

---

[5] Appellant also attempted to plead the governmental interference exception to the PCRA's time bar, *see* 42 Pa.C.S. § 9545(b)(1)(i). Following our review of Appellant's PCRA petition and brief to this Court, however, we agree with the PCRA court that beyond invoking this exception and citing to the relevant subsection of the PCRA, Appellant did not present any argument or evidence that it applied. *See* PCRA Ct. Op., 10/26/23, at 10-11.

The record supports the PCRA court's decision. In his two prior PCRA proceedings, Appellant raised claims of ineffective assistance of counsel and prosecutorial misconduct based on the Commonwealth's alleged failure to disclose that it had an agreement with Mr. Maner that he would testify in exchange for favorable treatment in his unrelated criminal matters. In 2021, this Court affirmed the PCRA court's decision that no such agreement existed. Appellant has once again, in the instant petition, raised that claim. However, the record reflects that the information gleaned by Appellant in 2023 is not a "newly-discovered" fact, but rather a new source for a previously known fact. In addition, the record confirms the trial court's conclusion that Appellant did not prove that he exercised due diligence in obtaining the alleged new fact. Because Appellant did not prove the applicability of the "newly-discovered" fact exception to the PCRA's time-bar, the PCRA court properly concluded it lacked jurisdiction to consider the merits of Appellant's claims.[6]

## C.

In sum, Appellant's PCRA petition is patently untimely, and he has failed to satisfy the timeliness exception provided in 42 Pa.C.S. § 9545(b)(1)(ii). Accordingly, neither this Court nor the PCRA court has jurisdiction to address the claims raised in this petition. We, thus, affirm, the PCRA court's order dismissing Appellant's petition as untimely.

Order affirmed.

---

[6] In light of our disposition, we decline to address Appellant's remaining issues on appeal.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/09/2024